IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HARTFORD UNDERWRITERS INSURANCE COMPANY**             **PLAINTIFF**

**VS**                                                          **CAUSE NO. <u>4:05cv00050-WAP-EMB</u>**

**FOUNDATION HEALTH SERVICES, INC., ET AL.**                 **DEFENDANTS**

**ORDER REGARDING HARTFORD UNDERWRITERS INSURANCE
COMPANY'S OBJECTIONS TO FOUNDATION HEALTH SERVICES, INC.'S RE-
NOTICE OF RULE 30(B)(6) DEPOSITION AND MOTION FOR PROTECTIVE ORDER**

It being represented that Defendant, Foundation Health Services, Inc., has requested documents from Plaintiff, Hartford Underwriters Insurance Company ("Hartford"), which involve trade secrets, confidential research, proprietary materials and development and/or commercial information belonging to Hartford; and

It being represented that Hartford is willing to provide these documents for inspection and review only under a Protective Order upon the hereinafter stated terms and conditions; and

It further being represented to the Court that Hartford's Objections to Defendant's Re-Notice of 30(b)(6) Deposition and Motion for Protective Order [doc. 36] were submitted to all parties via ECF on April 3, 2006, and that Defendants have filed no response thereto;

It is hereby ORDERED that Plaintiff Hartford's objections are sustained, and its Motion for Protective Order is granted and incorporates the hereinafter stated terms and conditions:

1. Hartford will disclose information and/or documents that it designates "Confidential and Proprietary" to the parties to this suit and their attorneys, only pursuant to this Order and under the conditions that follow.

2. Any and all of the aforesaid information and/or materials disclosed by Hartford and the contents thereof shall be maintained in confidence by counsel for

Defendants in the above captioned litigation. Additionally, the aforesaid materials shall not be photocopied or reproduced by any means without the prior consent of counsel of Hartford or until further order of this Court.

3. Any and all of the aforesaid information and/or materials disclosed by Hartford and the contents thereof shall be used only in connection with the above-captioned matter and shall not be used for any other purposes whatsoever.

4. No person who examines any document produced or is privy to any information otherwise given pursuant to this order shall disseminate orally, in writing, or by any other means, the document(s) or the information contained therein, to any person not also authorized to examine documents under the terms of this order.

5. Counsel for Defendants in the above-captioned litigation may permit an expert or experts hired by Defendants in the above-captioned litigation to review the documents subject to this Protective Order, but counsel for Defendants must first obtain from said experts a written statement confirming the expert's agreement to comply with every element of this Protective Order. Said experts shall agree that the documents and the contents thereof shall not be disclosed to any other person or entity and said documents shall not be photocopied or reproduced by any means. Any documents provided to experts must be returned to Hartford within thirty days of the conclusion of the above captioned litigation pursuant to the terms of paragraph 8 below.

6. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege and materiality.

7. Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the information and/or documents subject to this Protective Order and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material.

8. At the conclusion of this lawsuit by settlement, a jury verdict, nonsuit, dismissal, by judgment order or otherwise, all Hartford materials, including any and all copies, or renditions made from the materials, shall be returned to counsel for Hartford within thirty (30) days.

So ordered and signed this the 27th day of April, 2006.

/s/ Eugene M. Bogen
United States Magistrate Judge

Order prepared by:
J. Lawson Hester (MBS# 2394)
Jacqueline H. Ray (MSB# 100169)
PAGE, KRUGER & HOLLAND, P.A.
10 Canebrake Blvd., Ste. 200
Jackson, MS 39232
Post Office Box 1163
Jackson, Mississippi 39215-1163
Telephone: (601) 420-0333
Facsimile: (601) 420-0033
Counsel for Hartford Underwriters Ins. Co.